**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NILHAN DEVELOPERS, LLC, | ) | Case No. 15-58443-WLH |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF FILING DECLARATION IN SUPPORT OF PLAN CONFIRMATION**

Ronald L. Glass, as Chapter 11 Trustee ("Trustee") for Debtor Nilhan Developers, LLC, hereby files the attached declaration in support of confirmation of the *Fourth Amended Plan of Liquidation for Debtor Nilhan Developers, LLC Proposed by Ronald L. Glass, as Chapter 11 Trustee* (Doc. No. 190, the "Plan").

Dated: November 10, 2020

Respectfully submitted,

MORRIS, MANNING & MARTIN LLP

/s/ Lisa Wolgast
Frank W. DeBorde (fwd@mmmlaw.com)
Georgia Bar No. 215415
Lisa Wolgast (lwolgast@mmmlaw.com)
Georgia Bar No. 773399
3343 Peachtree Rd., N.E., Suite 1600
Atlanta, Georgia 30326
Telephone:  (404) 233-7000
Facsimile:  (404) 365-9532

*Counsel for the Chapter 11 Trustee*

1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NILHAN DEVELOPERS, LLC, | ) | Case No. 15-58443-WLH |
| | ) | |
| Debtor. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will serve a notice to all counsel and that I served a true and correct copy to the United States Trustee by mailing a copy of same via United States Mail with sufficient postage to ensure delivery at the following address:

David Weidenbaum
Office of the U.S. Trustee
Room 362
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

This 10th day of November, 2020.

                                                    Respectfully submitted,

                                                  **MORRIS, MANNING & MARTIN, LLP**

                                                  By: /s/    Lisa Wolgast
                                                       Lisa Wolgast
                                                       Georgia Bar No. 773399

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NILHAN DEVELOPERS, LLC, | ) | Case No. 15-58443-WLH |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DECLARATION OF RONALD L. GLASS**

I, RONALD L. GLASS, declare as follows:

1. I am over 21 years of age. I am the Chapter 11 Trustee for Nilhan Developers, LLC ("Debtor").

2. I submit this Declaration in support of confirmation of the *Fourth Amended Plan of Liquidation for Debtor Nilhan Developers, LLC Proposed by Ronald L. Glass, as Chapter 11 Trustee* (Doc. No. 190, the "Plan").[1] I have reviewed and am familiar with the terms and provisions of the Plan. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge or information I obtained by reviewing relevant documents. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

3. On September 25, 2020, the Court entered its *Order and Notice (i) Waiving Distribution of a Disclosure Statement and Plan Solicitation to Unimpaired Classes, (ii) Establishing Deadline for Filing Objections to Confirmation of the Plan and (iii) Setting a Hearing on Confirmation of the Plan* (Doc. No. 191, the "Notice"). Pursuant to the Notice, no disclosure statement or solicitation of votes to accept or reject the Plan was required or necessary.

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Plan.

1

4. The Plan proposes to pay Administrative Claims and Priority Tax Claims in full, which are estimated to be $505,000 and $141,032, respectively. The Plan also proposes to pay Administrative Convenience Unsecured Class, which total $136,501, in full with interest between the Effective Date of the Plan and the Distribution Date, with interest calculated at the federal judgment interest rate in effect as of the Effective Date, as required by Section 1129(a)(7) of the Bankruptcy Code. Thus, holders of Administrative Convenience Unsecured Class Claims are unimpaired within the meaning of Section 1124 of the Bankruptcy Code.

5. As of November 9, 2020, Nilhan Developers' estate has approximately $7,543,071.88 cash on hand. Thus, there is sufficient cash to pay Administrative Claims, Priority Tax Claims and Administrative Convenience Unsecured Claims in full, with interest, as provided in the Plan.

6. As provided in the Plan, if the Norcross Hospitality Order is affirmed on appeal such that Norcross Hospitality's claim is to be paid only after payment of all other creditors, then (a) the holder of the Allowed Class 3 Claim (the Nilhan Financial Claim Class) will be paid in full together with interest on the Effective Date or as soon as practicably possible thereafter and (b) the holder of the Allowed Class 4 Claim (the Norcross Hospitality Claim Class) will be paid as and when Debtor's Assets are sold to the extent that Debtor's Estate has funds available after all other Allowed Claims and Plan expenses are paid in full and as and when Debtor's Assets are sold. Alternatively, if the Norcross Hospitality Order is reversed on modified on appeal, the Plan provides that the Plan Agent will pay the Class 3 and Class 4 Allowed Claims in accordance with the Norcross Hospitality Order, as it may be reversed or modified on appeal. If appointed as Plan Agent, I intend to follow and implement the Norcross Hospitality Order, as it may be

affirmed, amended or reversed on appeal, as it relates to the payment of Allowed Claims in Classes 3 and 4.

7. Unless the Confirmation Order is timely appealed, I, as Plan Agent, intend to make distributions to holders of Allowed Administrative Claims, Priority Tax Claims and Administrative Convenience Unsecured Claims in accordance with the Plan, notwithstanding the pendency of the appeal of the Norcross Hospitality Order as these classes are not affected by the outcome of the appeal. I understand that Norcross Hospitality and the Thakkars have no opposition to the Plan Agent making these distributions pending a resolution of the appeal of the Norcross Hospitality Order. The Plan Agent will holding the remainder of Debtor's Assets pending a disposition of the appeal of the Norcross Hospitality Order.

8. I believe that the Plan has a reasonable likelihood of success and meets the feasibility requirements of Section 1129(a)(11) of the Bankruptcy Code and that the cash payments required under the Plan will be made on the Effective Date or as and when they become due. In accordance with Section 1123(b)(1) of the Bankruptcy Code, the Plan leaves each Class of Claims and Interests unimpaired.

9. Under the Plan, no holders of Equity Interests will receive or retain property under the Plan on account of such junior interest because, after payment in full of all Allowed Administrative Claims, Allowed Priority Claims and Allowed Claims in Classes 1, 2, 3 and 4, post-confirmation. Thus, I believe that the Plan comports with Section 1129(b)(2)(C).

10. Based on my review of the Plan and discussions with my counsel, it is my understanding that the Plan satisfies all applicable provisions of the Bankruptcy Code as required by Section 1129 of the Bankruptcy Code.

[SIGNATURE ON FOLLOWING PAGE]

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 9, 2020

/s/ Ronald L. Glass
RONALD L. GLASS