UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ALTANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| NILHAN DEVELOPERS, LLC | : | CASE NO. 15-58443-WLH |
| | : | |
| Debtor. | : | |
| | : | |

**EXPEDITED MOTION TO [1] REMOVE THE CHAPTER 11 TRUSTEE; [2] DISQUALIFY GLASSRATNER ADVISORY & CAPITAL GROUP, LLC, ACCOUNTANTS FOR THE TRUSTEE; [3] DISGORGE ANY FEES AND EXPENSES OFTHE TRUSTEE; AND, [4] DISGORGE ANY FEES AND EXPENSES OF THE ACCOUNTANTS FOR THE TRUSTEE**

The Interest Holders, Rohan & Niloy Thakkar, by and through the undersigned counsel, file this Expedited Motion to [1] Remove the Chapter 11 Trustee; [2] Disqualify GlassRatner Advisory & Capital Group, LLC, Accountants for the Trustee; [3] Disgorge any Fees and Expenses of the Trustee; and, [4] Disgorge any Fees and Expenses of the Accountants for the Trustee  whether awarded or awarded and paid and state as follows:

**Background On Appointment Of Trustee And Employment Of Glassratner**

1.      This case was commenced by the Debtor through the filing of a Voluntary Petition, under Chapter 11 of the Bankruptcy Code.

2.      On June 8, 2015, the Court entered an Order that this case and additional other Chapter 11 Cases were consolidated for procedural purposes only and shall be jointly administered by the Court under the case of Bay Circle Properties, LLC Case No. 15-58440-wlh.

3.      On November 8, 2018, the United States Trustee (UST) filed a Motion for the Appointment of a Chapter 11 Trustee (ECF 903) (Motion)

4. On November 30, 2018, alleged creditors Good Gateway, LLC (GG) and SEG Gateway, LLC (SEG) filed a joinder to the UST's Motion (ECF 913).

5. On December 11, 2018, the following occurred [1] an Order was entered an Order directing the UST to appoint a Chapter 11 Trustee (ECF 919); [2] a Notice of Appointment of Ch. 11 Trustee and Setting of Bond was filed by the UST (ECF 920); [3] an Application for Approval of Appointment of Trustee was filed by the UST accompanied by a Verified Statement of Ronald L. Glass (ECF 921); and, [4] an Order Approving Appointment of Chapter 11 Trustee (ECF 922) was entered.

6. On December 20, 2018, the Trustee caused the filing of an Application to Employ GlassRatner Advisory & Capital Group, LLC as Financial advisor (ECF 934) (GlassRatner) and an Order was entered on January 22, 2019 approving the Selection of GlassRatner.

**Litigation Leading Up To The Filing Of The Bankruptcy Cases**

7. Good Gateway, LLC ("GG") is a Florida Limited Liability Company, formed August 13, 2007.

8. SEG Gateway, LLC ("SEG") is an Active Florida Limited Liability Company.

9. Carson Good (Carson) is an individual who currently is the sole member of GG and claims GG is the sole member of SEG.

10. On July 6, 2010, (Carson) commenced litigation, which was assigned Case Number 2010-CA-015315-O in the Ninth Judicial Circuit Court of Orange County, Florida ("Good Gateway Litigation"), through GG, a Limited Liability Corporation, which listed Carson as a member.

11. The Good Gateway Litigation started as a simple contract dispute ten years ago and blossomed into multi-state litigation involving tens of millions of dollars of judgments and millions of dollars of attorneys' fees and costs.

12. The first filed Annual Report, filed May 5, 2008, listed Carson as the sole managing member of GG. Carson served as such until April 27, 2016 when the GG Annual Report was filed in Florida which listed Carson only as the Manager of GG. This designation has continued until the most recent filed Annual Report, March 18, 2020, where he continued in that role. There are no listed members of GG.

13. In January 2015, GG obtained an Amended Final Judgment in the amount of $2,500,000 against Thakkar, OGP, NH, N&R and NCT.

14. On or around November 13, 2007, SEG was formed in Florida.

15. The initial members of SEG were a company known as Orlando Gateway, LLC, a Georgia LLC (Old OG) and GG.

16. While the value of the membership interest Old OG held in SEG, in early 2012, was probably negative, the use of Old OG's interest in SEG led to a multi-million dollar judgment in favor of SEG against some of the Defendants in that action.

17. SEG became a judgment creditor of numerous parties, along with certain entities which mostly filed Bankruptcy cases after SEG obtained a $15,376,000.00+ judgment against OGP and NI.

18. SEG also obtained a $12,000,000 judgment against Thakkar, NH and NCT Systems, Inc. ("NCT"), which was an active Florida company.

19. NCT was dissolved by the Florida Secretary of State at some point in 2017 probably for the failure to file an Annual Report.

20. NCT was owned by the Judgment Debtor, Thakkar.

21. After GG and SEG ("Judgment Creditors") obtained judgments against the Judgment Debtors, in what was believed to be an execution of the judgments, it is believed that the Judgment Creditors sought and were granted execution of the shareholder interest owned by Thakkar.

22. The stock interest executed upon was Thakkar's interest in NCT and, after the execution and sale, became property of the Judgment Creditor(s).

23. Thereafter, on September 10, 2018, NCT was reinstated as an active Florida Corporation with its mailing and principal address listed as on 174 W. Comstock Ave . #100 Winter Park, FL 32789 (the same address used by GG and SEG). The Registered Agent was listed as Clay M. Townsend, Esq. 20 N. Orange Ave. Suite 1500 Orlando, FL 33801[1] who has represented GG and SEG for over ten years in various Courts, including this Court.

24. A review of the Florida Secretary of State, Division of Corporations for Florida website reveals that NCT also filed an Annual Report for 2019 again using the address of NCT as the same address of GG and SEG.

25. Apparently, Good Gateway and SEG Gateway found the execution of Mr. Thakkar's interest in the NCT stock important enough to not be managed by the Judgment Creditors but by, what appeared to be a totally different entity as the sole officer and director of NCT and who was responsible for the reinstatement of Gateway's new company, NCT Systems, Inc., a Florida Corporation.

26. Chittranjan K Thakkar (Thakkar), Orlando Gateway Partners, LLC (OGP), Nilhan Hospitality, LLC (NH), Niloy & Rohan, LLC (N&R),Niloy, Inc.(NI) and NCT

---

[1] NCT continued as an active FL Corporation until September 25, 2020, at which time it was again dissolved for the failure to file an Annual Report.

Systems, Inc. ("NCT"), (jointly the "Judgment Debtors") of GG and SEG recently were able to undo years of litigation which never should have occurred in Florida when the Judgment Creditors attorney failed to ensure a case was legally remanded to the State Court from the Bankruptcy Court.

27. A recent accounting supplied to Thakkar, does not seem to give any monetary credit to Thakkar for the value of NCT placed upon it after the stock execution by the Judgment Creditor(s).

**Bankruptcy Law - Appointment of Trustees & Employment of Accountants**

The appointment of a Trustee is governed by 11 U.S.C. § 1104 in conjunction with Fed.R.Bankr.P 5002(a)[2].

The award of compensation for the Trustee and the Trustee's professionals was addressed by the Eleventh Circuit Court of Appeals (the "Court") in which the Court noted that "A bankruptcy judge's discretion in awarding compensation for services performed during bankruptcy proceedings deserves great deference. *See In re Holywell Corp.*, 967 F.2d at 571; *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d at 890" and the *Court agreed that ". . .* both the district court and bankruptcy court that the language of 11 U.S.C. § 328(c)[3] permits a court to deny compensation to professionals found not to be disinterested persons . . .". *Electro-Wire Prods. V. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 359 (11th Cir. 1994)

---

[2] Whenever under this subdivision an individual may not be approved for appointment or employment, the individual's firm, partnership, corporation, or any other form of business association or relationship, and all members, associates and professional employees thereof also may not be approved for appointment or employment.

[3] § 328(c) states: "Except as provided in section 327(c), 327(e), or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

"The Tenth Circuit Court of Appeals stated in another bankruptcy fee compensation case that in exercising the discretion granted by the statute we think the [bankruptcy] court should lean strongly toward denial of fees, and if the past benefit to the wrongdoer fiduciary can be quantified, to require disgorgement of compensation previously paid that fiduciary even before the conflict arose. *Gray, 30 F.3d at 1324*". *Id. at 360*. The Eleventh Circuit agreed with this reasoning. *Id.*

"As the Supreme Court noted over half a century ago :the incidence of a particular conflict of interest can seldom be measured with any degree of certainty. The bankruptcy court need not speculate as to whether the result of the conflict was to delay action where speed was essential, to close the record of past transactions where publicity and investigation were needed, to compromise claims by inattention where vigilant assertion was necessary, or otherwise to dilute the undivided loyalty owed to those whom the claimant purported to represent. Where an actual conflict of interest exists, no more need be shown in this type of case to support a denial of compensation. *Woods v. City National Bank & Trust Co.,* 312 U.S. 262, 268, 61 S. Ct. 493, 497, 85 L. Ed. 820 (1940)." Id

The accurate measure of prejudice here is not what a trustee or professional actually did or did not do in handling a case but **rather whether the trustee or professional could have unbiasedly made decisions in the best interest of its client**. *Id.* Emphasis added.

"The purpose of section 327(a)[4] of Title 11 of the United States Code is to ensure impartiality in bankruptcy representation. See *In re Roberts,* 46 Bankr. 815, 826-27

---

[4] Section 327(a) states:  Except as otherwise provided in this section, the trustee[4] 2 , with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

(Bankr.D.Utah 1985).**"** *Id.* at 361. The hiring of a professional under § 327(a) also directly implicates the he definition of a "disinterested person", pursuant to § 101(14)[5]

Whether a trustee or professional inadvertently or intentionally neglected to inform the court of its conflicts is of no import. *Id.*  "It is no answer to say that fraud or unfairness were [sic] not shown to have resulted." *Woods v. City National Bank & Trust Co.,* 312 U.S. 262, 268, 61 S. Ct. 493, 497, 85 L. Ed. 820 (19400.)" *Id.*

"While a bankruptcy judge's discretion in deciding compensation cases under section 328 enjoys great bounds, it is not unlimited." *Id.*

A complete denial of fees may be extreme in some instances, this case requires nothing less. "This sanction serves to deter future wrongdoing by those punished and also to warn others who might consider similar defalcations. *Gray*, 30 F.3d at 1323." *Id.*

The appointment of the trustee and the employment of GlassRatner by the bankruptcy court along with any award of fees to the trustee and GlassRatner constitutes an abuse of discretion as defined in <u>Neville v. Eufaula Bank & Trust Co. (In re U.S. Golf Corp.)</u>, 639 F.2d 1197, 1201 (5th Cir.1981) and any such fees or expenses received by the trustee and GlassRatner should be disgorged in toto. <u>Electro-Wire Prods. V. Sirote & Permutt, P.C. (In re Prince)</u>, 40 F.3d 356 (11th Cir. 1994)

The conflicts under which the trustee and GlassRatner operated are extreme and neither could impartially serve under the circumstances of this case given the extreme circumstance of the conflict.

---

[5] The term "disinterested person" means a person that—
(A) is not a creditor, an equity security holder, or an insider;
(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

The conflict that exists is evident in Exhibit "A" which shows that the Trustee's partner in forming GlassRatner[6], Ian Ratner, not only served as the President and Director of NCT, the very same entity upon which stock Good Gateway, LLC and SEG Gateway, LLC executed upon and recovered from Thakkar and the very same NCT for which Clay Townsend served as Registered Agent, when NCT was reactivated on September 10, 2018 (prior to the appointment of Mr. Glass as Trustee) and continued on record as President and Director until the 2019 Annual Report for NCT was filed with the Secretary of State, Division of Corporations, on April 26, 2019, but signed the reinstatement using the business address of GlassRatner.

Neither the trustee nor GlassRatner were disinterested and neither should have or should continue to serve in such capacities. All fees and expenses paid to the trustee and GlassRatner should be returned to the Bankruptcy Estate. A new trustee should be appointed and an accounting firm should thereafter be employed by a newly appointed Trustee, who does not hold such disqualifying conflict and who truly is a disinterested party capable of being appointed.

The fact that the founding members of GlassRatner, Ronald Glass and Ian Ratner, have been partners for numerous years, the extensive litigation between the Thakkars and Good Gateway added to a bankruptcy case where the Trustee and the Equity holders, have been at odds, makes this undisclosed conflict even more egregious than a simple failure to disclose a fact, since the very appearance of the Trustee's partner having represented the adversary of the Equity Holders in this and other cases, reeks of an extreme conflict which disqualified both from service as trustee and professionals for the

---

[6] As cited on the website of GlassRatner.

Chapter 11 Trustee. Given the undisclosed nature of the conflict, it is of no import whether the Chapter 11 Debtor Estate was directly damaged financially. The conflict is extreme and detrimental to the Estate and the sanctity of the Bankruptcy process itself. No trustee with said conflict would ever be appointed by the U.S. Trustee and approved by the Court given this conflict.

**WHEREFORE,** the Interest Holders, Rohan[7] & Niloy Thakkar request this Expedited Motion to [1] Remove the Chapter 11 Trustee; [2] Disqualify GlassRatner Advisory & Capital Group, LLC, Accountants for the Trustee; [3] Disgorge and deny any Fees and Expenses of the Trustee; and, [4] Disgorge and deny any Fees and Expenses of the Accountants for the Trustee for such further and additional relief as the Court determines necessary to protect the sanctity of the Bankruptcy process and the professionals appointed and/or employed therein.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the **foregoing** was served on this 5th day of January 2021 via this Court's CM/ECF Electronic Service.

*/s/ John A. Moffa*
John A. Moffa, Esq.
Moffa & Bierman
3081 E Commercial Blvd., #204
Fort Lauderdale, FL 33308
Telephone: 954-634-4733
Fax: 954-337-0637
Email: john@moffa.law
FBN: 0932760

---

[7] Good Gateway LLC and Seg Gateway, LLC hold a judgment against Rohan Thakkar, which was obtained in New York and domesticated in Florida.

# EXHIBIT "A"

# 2018 FLORIDA PROFIT CORPORATION REINSTATEMENT
DOCUMENT# P09000028456

**Entity Name:** NCT SYSTEMS INC.

FILED
Sep 10, 2018
Secretary of State
CR3303511414

**Current Principal Place of Business:**

174 W. COMSTOCK AVE .
#100
WINTER PARK, FL 32789

**Current Mailing Address:**

174 W. COMSTOCK AVE.
SUITE 100
WINTER PARK, FL 32789 US

**FEI Number:** 36-3740236

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

TOWNSEND, CLAY M. ESQ.
20 N. ORANGE AVE.
 SUITE 1500
ORLANDO, FL 33801 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:   CLAY M. TOWNSEND                                                                                    09/10/2018
            Electronic Signature of Registered Agent                                                              Date

**Officer/Director Detail :**

| | | | | |
|---|---|---|---|---|
| Title | PRESIDENT | | Title | DIRECTOR |
| Name | RATNER, IAN | | Name | RATNER, IAN |
| Address | 3445 PEACHTREE ROAD SUITE 1225 | | Address | 3445 PEACHTREE RD. #1225 |
| City-State-Zip: | ATLANTA GA 30326 | | City-State-Zip: | ATLANTA FL 30326 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: IAN RATNER                                                      PRESIDENT                              09/10/2018
            Electronic Signature of Signing Officer/Director Detail                                               Date