UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| NILHAN DEVELOPERS, LLC. | : | CASE NO. 15-58443-WLH |
| | : | |
| Debtor. | : | |
| | : | |
| IN RE: | : | CHAPTER 11 |
| | : | |
| NRCT, LLC | : | CASE NO. 15-58444-WLH |
| | : | |
| Debtor. | : | |

SUPPLEMENT TO OBJECTION TO FIRST AND FINAL APPLICATION
FOR COMPENSATION OF RONALD L. GLASS CHAPTER 11 TRUSTEE, AS
SUPPLEMENTED

COMES NOW Chuck Thakkar ("Thakkar"), by and through undersigned counsel, and hereby files this Supplement to Objection to First and Final Application for Compensation of Ronald L. Glass Chapter 11 Trustee, as Supplemented ("Supplement"). In support of the Supplement, Thakkar shows the Court as follows:

1. Section 326 of the Bankruptcy Code establishes the maximum statutory percentage allowable as compensation to a chapter 7 or chapter 11 trustee. *See* 11 U.S.C. §326. Fees of a trustee remain subject to the reasonable standard set forth in Section 330 of the Bankruptcy Code. *See* 11 USC §330.

2. On May 10, 2021, Thakkar filed his Objection to First and Final Application for Compensation of Ronald L. Glass, Chapter 11 Trustee, as Supplemented ("Objection"). The Objection is fully incorporated as if fully rewritten herein.

3. As set forth in the Objection, Thakkar calculated potential commissions in each of the cases based upon actual disbursements made by Ronald L. glass ("Glass") during the time after April

26, 2019 through confirmation of each respective plan and the appointment of Glass as plan agent for NRCT and Developers. Based upon a review of Section 10.6 of each plan, set forth herein are calculations based upon actual disbursement made by Glass in his capacity as either trustee of plan agent calculated in accordance with the Removal Order and each confirmed plan.

4. Section 10.6 of each plan, with respect to the Plan Agent, provides, in pertinent part as follows:

> The Plan Agent shall be compensated pursuant to Section 326 of the Bankruptcy Code and at his standard hourly rate, plus reimbursement of his normal and out-of-pocket expenses.

5. It does now appear that compensation for successor plan agents was contemplated under each of the confirmed plans. The plan contemplated and permitted a plan agent to seek compensation based upon the statutory scheme set forth in Section 326 which establishes the maximum amount payable to an appointed chapter 7 or 11 trustee. Assuming, Glass remained as plan agent for the duration he would be eligible to receive the maximum compensation allowable under Section 326 of the Bankruptcy Code based on the actual disbursements made as either trustee or plan agent. At which point, after the maximum statutory compensation allowable under Section 326 of the Bankruptcy Code was paid then no further compensation for professional services would be permitted however, reimbursement for out-of-pocket expenses would be permitted.

6. New plan agents have been appointed in each of the above-captioned cases. The plan agents may seek compensation under Sections 326 and 330 of the Bankruptcy Code per the confirmed plans in each case.

7. Therefore, the plan agents may seek compensation based upon the statutory percentages set forth in Section 326 of the Bankruptcy Code. Meaning, if Glass is permitted to receive full compensation as he is requesting there will be no ability for the replacement plan agents to seek

compensation because Glass will have obtained the maximum amount payable under Section 326 of the Bankruptcy Code. Additionally, if the Court permits Glass to receive the maximum amount allowable under Section 326, despite not actually having disbursed the funds, if the replacement plan agents are also compensated under Section 326 of the Bankruptcy Code and permitted to receive commissions based upon amounts which they may disburse or even at their standard hourly rate, compensation for the trustee and plan agent will exceed the maximum amount allowable under Section 326 of the Bankruptcy Code.

8. Actual disbursements made in the Developers case as set forth on Exhibit C of the Supplement filed by Glass on April 26, 2021 total $1,678,038. Pursuant to Section 326 of the Bankruptcy Code, the calculation of commissions is set forth below:

| Amount Disbursed | Allowable Percentage | Maximum Allowed Commission |
|---|---|---|
| $5,000 | 25% | $1,250.00 |
| $45,000 | 10% | $4,500.00 |
| $950,000 | 5% | $47,500.00 |
| $678,038 | 3% | $20,341.14 |

9. Total commission available to trustee and plan agent under Section 326, assuming the Court determines the amount reasonable under Section 330 of the Bankruptcy Code, based upon actual disbursements, excluding disbursements made from December 11, 2018 through April 26, 2019, is $73,591.14.

10. In Developers, it appears that Glass is requesting total compensation, in his capacity as either trustee or plan agent, totaling $409,996.58 which is based upon actual disbursements and potential disbursements of the remaining funds on hand. In the event, Glass is allowed

compensation in the amount of $409,996.58 that would diminish that amount of allowable compensation available to the successor plan agent. Based upon the Supplement filed by Glass, the maximum commissions available under Section 326 subject to Section 330 of the Bankruptcy Code would be $442,323.49. If Glass received $409,996.58 the amount of funds available for compensation to the successor plan agent would be $32,326.91. Once this threshold is reached by the successor plan agent, objections to reimbursement of professional fees in excess of this amount would be forthcoming.

11. As set forth in the Objection, Thakkar objects to the payment of any and all commissions to Glass based upon the conduct which led to his removal as determined by the Court. Alternatively, the Court should limit any compensation to the lesser of (i) the amount available under Section 326 based upon actual disbursements as set forth herein, or (ii) the amount due for actual billable hours. The lesser amount would be actual billed time which is $35,006.25.

12. In the NRCT case, it appears that Glass is requesting total compensation, either in his capacity as trustee or plan agent, totaling $68,366.57 which is based upon actual disbursements and potential disbursements of the funds on hand. In the event Glass is allowed compensation in the amount of $68,366.57 that would dimmish the amount of allowable compensation available to the successor plan agent. As set forth in Exhibit C of the Supplement, the maximum commissions allowable under Section 326 of the Bankruptcy Code for disbursements of $2,141,87.88 would be $87,506.25. Glass is seeking $68,000.36 and has received a prior disbursement of $19,139.88 which is an interim payment from august of 2020 for total commissions of $87,140.24 leaving funds available for compensation to the successor plan agent in the amount of $366.01.

13. Based upon the Supplement filed by Glass, he has actually disbursed funds totaling $491,812.00 for the period of May 2019 through April of 2021 which would result in potential commissions under Section 326 of the Bankruptcy Code as set forth below:

| Amount Disbursed | Allowable Percentage | Maximum Allowed Commission |
|---|---|---|
| $5,000 | 25% | $1,250 |
| $45,000 | 10% | $4,500 |
| $441,812 | 5% | $22,090.60 |

14. Total commissions allowable based upon actual disbursements is $27,870.60 less interim disbursements in the amount of $19,139.88 leaves a balance of $8,700.72.

15. As stated in the Objection, Thakkar objects to the payment of any and all commissions to Glass. Alternatively, the Court should limit compensation to the lesser of (i) the number of commissions payable on actual disbursements in the amount of $27,870.60 less prior interim disbursements of $19,139.88 leaving a balance of $8,700.72, or (ii) the amount due as a result of billable hours which is undetermined.

WHERFORE, Thakkar requests that the relief granted herein and such other relief as is deemed appropriate.

This the 13th day of May, 2021

    M. Denise Dotson, LLC
    /s/
    M. Denise Dotson
    Georgia Bar No. 227230
    PO Box 767
    Avondale Estates, GA 30002
    (404) 210-0166
    denise@mddotsonlaw.com

CERTIFICATE OF SERVICE

    I, M. Denise Dotson, certify that on this day, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will serve a notice to all counsel.

    Submitted this the 13th day of May, 2021.

                             M. Denise Dotson, LLC
                             /s/
                             M. Denise Dotson
                             Georgia Bar No. 227230
                             PO Box 767
                             Avondale Estates, GA 30002
                             (404) 210-0166
                             denise@mddotsonlaw.com