**IT IS ORDERED as set forth below:**



**Date: June 21, 2021**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 15-58443-WLH |
| NILHAN DEVELOPERS, LLC, | CHAPTER 11 |
| Debtor, | |

**ORDER ON MOTION FOR AN ORDER TO SHOW CAUSE WHY
WALTER E. JONES AND CLAY TOWNSEND SHOULD NOT BE SANCTIONED**

**THIS MATTER** is before the Court on the Motion for an Order to Show Cause Why Walter E. Jones and Clay Townsend, Attorneys in this Proceeding, and Other Related Cases, Should Not Be Sanctioned for their Lack of Candor to the Court (Case No. 15-58443 Doc. No. 265) (the "Motion"). In the Motion, "Equity"[1] asks the Court to enter an Order to Show Cause why Walter E. Jones and Clay Townsend, counsel for Good Gateway, LLC and SEG Gateway, LLC (collectively "Gateway"), a creditor in this case, should not be held in contempt for their failure to comply with the rules of professional conduct regarding candor to the court.

---
[1] The Schedules reflect the equity owners are Rohan and Niloy Thakkar. The Motion does not identify "Equity."

1

I.    FACTS

The facts are laid out in detail in the Court's Order on Motions to (1) Remove the Chapter 11 Trustee; (2) Disqualify GlassRatner Advisory & Capital Group, LLC, Accountants for the Trustee; (3) Disgorge Any Fees and Expenses of the Trustee; and (4) Disgorge Any Fees and Expenses of the Accountants for the Trustee (Case No. 15-58443 Doc. No. 300) (the "Removal Order"), entered on April 19, 2021. In short, Nilhan Developers, LLC ("ND") filed a Chapter 11 petition on May 4, 2015. On December 11, 2018, the Court ordered the appointment of a trustee. The U.S. Trustee sought approval to appoint Ronald L. Glass as Trustee. The Court approved Mr. Glass as Trustee on December 11, 2018 (Case No. 15-58440 Doc. No. 922). The Trustee sought to employ GlassRatner Advisory & Capital Group, LLC ("GR") as financial advisor (Doc. No. 934), which the Court approved (Case No. 15-58440 Doc. No. 965). The Court confirmed the Trustee's Sixth Amended Plan on December 8, 2020 (Case No. 15-58443 Doc. No. 227), and the plan became effective on December 23, 2020.

Niloy and Rohan Thakkar (the "Thakkars") then filed a motion to remove the Trustee on January 5, 2021 (Case No. 15-58443 Doc. No. 238) (the "Removal Motion"), contending Ian Ratner, Mr. Glass's business partner at GR, served as the President and Director of NCT, as reflected in documents filed with the Florida Secretary of State on September 10, 2018 (prior to the appointment of Mr. Glass as Trustee), until a new filing removed Mr. Ratner from the designated positions on April 26, 2019. NCT is wholly owned by Gateway, which has claimed multiple interests in this and related bankruptcy cases. In this case, Gateway asserts an interest in claims of Nilhan Financial, LLC, an entity also previously controlled by the Thakkars and a creditor of ND. Mr. Jones and Mr. Townsend represent Gateway in this and related cases including 15-58440 Bay Circle Properties, LLC; 15-58442 Sugarloaf Centre, LLC; and 15-58444 NRCT, LLC. The Thakkars alleged that neither Mr. Glass nor GR were disinterested and that they

represented an interest adverse to the estate by virtue of Mr. Ratner's role as an officer and director of NCT. The Removal Motion also contended that Mr. Glass and GR did not adequately disclose their connection to NCT and Gateway.

After the evidentiary hearing on the Removal Motion, the Court found that GR (through Mr. Ratner) signed an engagement letter (the "Engagement Letter") with NCT that provided:

> This letter confirms and sets forth the terms and conditions of the engagement between GlassRatner Advisory & Capital Group, LLC ("GlassRatner") and the Company [defined as NCT Systems, Inc.], including the scope of the services to be performed and the basis of compensation for those services. Upon execution of this letter by each of the parties below, this letter will constitute an agreement between the Company and GlassRatner. It is anticipated that the Company will file an action to gain control of Sugarloaf Centre Partners, LLC ("Sugarloaf Partners") and Sugarloaf Centre, LLC ("Sugarloaf Centre"), either in state court or in the chapter 11 bankruptcy case of Sugarloaf Centre, which case is pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, before The Honorable Wendy Hagenau (the "Control Action"). In the Control Action, the Company would seek to have GlassRatner appointed as non-member manager of Sugarloaf Partners and Sugarloaf Centre. Sugarloaf Centre owns and operates commercial, income producing real property in the Atlanta area.

Although Mr. Glass stated in his declaration filed in connection with the motion to approve his appointment as Trustee that the Engagement Letter was not counter signed, the Court found it was signed by Carson Good on behalf of NCT. The Court found Mr. Jones received the fully signed Engagement Letter on September 10, 2018, and found Mr. Townsend filed on behalf of NCT a 2018 Florida Profit Corporation Reinstatement the same day representing that Mr. Ratner was President and Director of NCT. The Court also found that Mr. Ratner was alerted to the Florida Secretary of State filing in early 2019. He immediately emailed Mr. Jones and asked to be removed as an officer and director. Mr. Jones contacted Mr. Townsend and, on April 26, 2019, Mr. Townsend filed a 2019 Annual Report replacing Mr. Ratner with Good Gateway, LLC.

In the Removal Order, the Court found neither GR nor the Trustee adequately disclosed the connections of Mr. Ratner and GR to the Gateway interests. The Court found it was "most disappointing . . . that although GR, the Trustee, the US Trustee, and Gateway's counsel all knew

the details of the proposed and . . . consummated[] engagement, not a single person thought to mention it in the almost three years since the contact occurred[.]" (Case No. 15-58443 Doc. No. 300 p. 51.) Nevertheless, no evidence was presented of actual harm to the estate. To the contrary, the Court concluded GR and the Trustee did contribute to the ND case and did real work on which the Court relied. (Id. at 52.) The Court reduced their fees, but did not deny all fees to the Trustee or GR.

"Equity" filed the Motion on February 10, 2021, which was amended on April 21, 2021 (Case No. 15-58443 Doc. No. 302) to include additional facts found by the Court in the Removal Order. In it, "Equity" contends both Mr. Jones and Mr. Townsend knew more facts than other participants in the case (particularly that there was a fully executed Engagement Letter and that NCT filed an annual report identifying Mr. Ratner as President and Director) and, pursuant to the applicable rules of professional conduct, had a duty of candor to the Court with which they failed to comply. "Equity" asked that the Court issue an order to show cause why Mr. Jones and Mr. Townsend should not be held in contempt.

The Court held a hearing on the Motion on April 29, 2021, at which counsel for "Equity," John Moffa, and respondents Mr. Jones and Mr. Townsend appeared. The Court asked the parties to brief whether, as a matter of law, Georgia Rule of Professional Conduct 3.3 regarding candor to the Court applied in this situation, even assuming the facts alleged by "Equity" were true.

"Equity" filed a brief on May 21, 2021 (Case No. 15-58443 Doc. No. 349), that does not address Rule 3.3(a)(2). Rather, the brief cites Georgia Rules of Professional Conduct 3.3(d), 1.6, and 3.4. Mr. Jones and Mr. Townsend filed a response (Case No. 15-58443 Doc. No. 354) on June 4, 2021, in which they admit errors occurred but contend there was no sanctionable conduct. They note that the requirement to disclose connections applied to GR and Mr. Glass. They also argue there was no harm to the estate or to Equity.

II.    APPLICABLE LAW

"Equity" contends Mr. Jones and Mr. Townsend violated the Georgia Rules of Professional Conduct and general rules about "the sanctity of the Bankruptcy process itself."

    a.    Georgia Rules of Professional Conduct

Attorneys practicing in this Court are bound by the Georgia Rules of Professional Conduct, contained in the Rules and Regulations of the State Bar of Georgia, and judicial decisions interpreting those rules and standards. BLR 9010-3; In re Cabe & Cato, Inc., 524 B.R. 870, 878 (Bankr. N.D. Ga. 2014). "Equity" contends Mr. Jones's and Mr. Townsend's conduct violated Georgia Rules of Professional Conduct 3.3(a)(2), 3.3(d), 1.6, and 3.4. The Court will consider each in turn, assuming the facts alleged are true.

    i.    Rule 3.3(a)(2)

Rule 3.3 defines the duty of candor to the tribunal. Rule 3.3(a)(2) provides "[a] lawyer shall not knowingly . . . fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client[.]" Ga. R. Prof'l. Conduct R. 3.3(a)(2). As the comments to the rule explain, "[t]here are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation." Id. at cmt. 3.

The rule, however, includes an important limitation: it only applies "when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client[.]" The comments explain Rule 3.3(a)(2) is concerned with:

> criminal or fraudulent conduct that undermines the integrity of the adjudicative process, such as bribing, intimidating or otherwise unlawfully communicating with a witness, juror, court official or other participant in the proceeding, unlawfully destroying or concealing documents or other evidence or failing to disclose information to the tribunal when required by law to do so.

Ga. R. Prof'l Conduct R. 3.3 cmt. 12. Thus a lawyer has a duty "to disclose when silence would be tantamount to corroborating or concealing a client's crime or fraud." Candor Toward the Court:

5

How Much Evidence Must an Attorney Have That the Client Has Done A Wrongful or Illegal Act?, 21 J. Legal Prof. 307 (1996).  For example, in U.S. v. Shaffer Equip. Co., EPA lawyers knew their witness falsified his credentials but did not correct the record.  11 F.3d 450 (4th Cir. 1993). The court found the attorney's conduct in failing to disclose misrepresentations amounted to "an effort by an important EPA witness to cover up or minimize his long history of fraud."  Id. at 461. The rule does not apply, however, in the absence of evidence of criminal or fraudulent conduct by the attorney's client.  See Partners Biomedical Sols., LLC v. Saltsman, 2021 WL 309032, at *8 (S.D. Fla. Jan. 29, 2021) (construing Florida rule with same language); see also Statewide Grievance Comm. v. Browne, 2001 WL 1614323, at *2 (Conn. Super. Ct. Nov. 19, 2001) (concluding Connecticut rule with same language did not apply to conduct "as it requires evidence of a 'criminal or fraudulent act by the client' which the court finds absent.").  This limitation on the duty of candor differs from the American Bar Association Model Rules of Professional Conduct, which have been adopted by some states but not by Georgia, which provide more broadly that "[a] lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]" ABA Model Rules of Prof'l Conduct R. 3.3(a)(1).

     The allegation is that Mr. Jones and Mr. Townsend knew the Engagement Letter was fully executed, knew the Florida Report was filed showing Mr. Ratner as President and Director, and knew Mr. Ratner had asked to be removed as such.  Even if true, these facts do not support a violation of Rule 3.3.(a)(2) because there is no criminal or fraudulent conduct here.  The failure of Mr. Glass and GR to disclose their connections was not a crime, and the Court did *not* find the failures were fraudulent.  Instead, it found Mr. Glass and GR failed to comply with the Bankruptcy Code and the Bankruptcy Rules.  The Court sanctioned each party by requiring disgorgement of a

6

portion of their fees, but the Court recognized they did good work for the estate and were entitled to some compensation.

Moreover, Rule 3.3(a)(2) is not applicable here because it was not Gateway's actions at issue, and Mr. Jones and Mr. Townsend are lawyers for Gateway. It was not criminal or fraudulent for Gateway to retain Mr. Ratner and GR. Neither were involved in this case at all when retained. The problem arose here when Mr. Glass and GR were retained by the estate and the full scope of the prior engagement was not disclosed. But the obligation to disclose was that of Mr. Glass and GR, not Gateway. Fed. R. Bankr. P. 2007.1(c) & 2014(a); see also In re Harris Agency, LLC, 451 B.R. 378, 390 (Bankr. E.D. Pa. 2011) (it is the duty of the proposed professionals to inform the court and make "[f]ull, complete, and timely disclosure" of all the professional's connections to the debtor, creditors and any other party in interest); Miller Buckfire & Co., LLC v. Citation Corp. (In re Citation Corp.), 493 F.3d 1313, 1321-22 (11th Cir. 2007). A third party is not obligated by the Bankruptcy Code to make disclosure on behalf of a trustee or his professionals.

"Equity" appears to contend that any participant that knows something, even if not about a crime or fraud of their client, is obligated to disclose it. That is not what Rule 3.3(a)(2) requires. Certainly, the better practice would have been to disclose it here, but that is different from violating a professional rule of conduct. The Court finds no legal basis to sanction Mr. Jones and Mr. Townsend under Rule 3.3(a)(2) and declines to issue an order to show cause for sanctions under this rule.

    ii.  Rule 3.3(d)

"Equity" next cites Rule 3.3(d), which also relates to candor to the tribunal and provides:

> (d) In an ex parte proceeding, other than grand jury proceedings, a lawyer shall inform the tribunal of all material facts known to the lawyer that the lawyer reasonably believes are necessary to enable the tribunal to make an informed decision, whether or not the facts are adverse.

7

Ga. R. Prof'l Conduct R. 3.3(d). This rule applies in the context of an ex parte proceeding, such as an application for temporary restraining order.[2] The appointment of the Trustee and application to retain GR were not ex parte. Accordingly, this rule does not apply.

### iii. Rule 1.6

"Equity" also cites to Rule 1.6 of the Georgia Rules of Professional Conduct, which relates to confidentiality of information. Rule 1.6 requires a lawyer to maintain in confidence all information gained in the professional relationship with a client unless the client consents to disclosure after consultation. In re Skinner, 292 Ga. 640, 641 (2013). Rule 1.6(b) is an exception to this general rule and provides:

> A lawyer may reveal information covered by paragraph (a) which the lawyer reasonably believes necessary:
>> to avoid or prevent harm or substantial financial loss to another as a result of client criminal conduct or third party criminal conduct clearly in violation of the law; . . . .

Ga. R. Prof'l Conduct R. 1.6(b)(1)(i).

It is not clear how Rule 1.6 supports sanctioning Mr. Jones and Mr. Townsend for a failure to disclose information to the Court. Even if the existence of the executed Engagement Letter is confidential, Rule 1.6(b) is permissive—it only permits but does not require the disclosure of information relating to a client's representation and then only when necessary to prevent harm related to criminal conduct. 2021 GEORGIA COURT ORDER 0005 (C.O. 0005). "A lawyer's

---

[2] Comment [14] states:

> Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party. However, in any ex parte proceeding, such as an application for a temporary restraining order, there is no balance of presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. The lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.

Ga. R. Prof'l Conduct R. 3.3 cmt. 14.

decision not to disclose as permitted by paragraph (b) does not violate this rule." Id. Thus, the "[f]ailure to reveal that which may be revealed, as opposed to that which must be revealed, is not a basis for disciplinary action." Att'y Grievance Comm'n v. Rohrback, 323 Md. 79, 96 (1991).

As noted above, the obligation to disclose was that of Mr. Glass and GR as the proposed professionals. Mr. Jones and Mr. Townsend were not required to persuade them to take action and/or disclose the connection between GR and NCT Systems. Further, there is no indication of any criminal conduct that would necessitate disclosure. Accordingly, the Court finds the rule is inapplicable.

### iv. Rule 3.4(a)

"Equity" cites Rule 3.4(a), which governs fairness to opponents and is inapplicable. The rule provides a lawyer shall not:

> unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act[.]

Ga. R. Prof'l Conduct R. 3.4(a). The Motion makes no allegation that Mr. Jones or Mr. Townsend altered, destroyed, or concealed a document. In fact, Mr. Jones produced the signed Engagement Letter and numerous emails regarding GR's retention, and both Florida Reports are a matter of public record. To the extent "Equity" is arguing that a failure to voluntarily disclose to the Court the signed Engagement Letter or Florida Reports equates to concealment, they are mistaken. Moreover, the rule only prohibits unlawful concealment. See Att'y Grievance Comm'n of Maryland v. Bellamy, 453 Md. 377, 402 (2017). Poor behavior or a failure to act that falls short of violating a law or court order does not violate the rule. Id.; see also In re Olson, 354 Mont. 358, 366 (2009) (respondent was not obligated to turn items over by statute or court order and conduct did not amount to unlawfully obstructing or concealing evidence).

9

Here, Mr. Jones and Mr. Townsend were not obligated by statute or court order to turn over the Engagement Letter or Florida Report. The onus was on the applicants—Mr. Glass and GR—to disclose their connections. Accordingly, Rule 3.4(a) is inapplicable.

III.    Rule 3.4(f)

"Equity" also cites Rule 3.4(f). The rule states a lawyer shall not:

> request a person other than a client to refrain from voluntarily giving relevant information to another party unless:
> (1) the person is a relative or an employee or other agent of a client; or the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information; and
> (2) the information is not otherwise subject to the assertion of a privilege by the client[.]

Ga. R. Prof'l Conduct R. 3.4(f). The rule is implicated when an attorney instructs staff to delete evidence. See e.g., In re Bone, 283 Ga. 147, 148 (2008). This rule does not relate to candor, and it has no bearing on the issue here.

The Court concludes there is no legal basis to find Mr. Jones or Mr. Townsend violated any of the Georgia Rules of Professional Conduct and, accordingly, there is no basis to order them to show cause as to sanctions under any such rule.

b.   Inherent Authority

"Equity" contends Mr. Jones and Mr. Townsend also owed a duty of candor to the Court for "the sanctity of the Bankruptcy process itself" and asks the Court to hold Mr. Jones and Mr. Townsend in contempt. "[C]ourts have inherent contempt powers in all proceedings including bankruptcy, to 'achieve the orderly and expeditious disposition of cases.'" In re Verani, 2015 WL 6145508, at *4 (Bankr. N.D. Ga. Oct. 15, 2015) (citing Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). In Chambers, the Supreme Court explained that courts possess inherent powers which "necessarily result . . . from the nature of their institution . . . [and] cannot be dispensed with in a Court, because they are necessary to the exercise of all other [powers]." Chambers, 501 at 43.

Similarly, the bankruptcy court has inherent authority to impose sanctions upon attorneys practicing before it. In re Reeves, 372 B.R. 525, 528 (Bankr. N.D. Ga. 2007); see also BLR 9010-3; LR 83.1F ("Nothing in this rule limits the inherent authority of a judge to manage individual assigned cases, including the authority to impose monetary penalties, disqualify counsel, and impose any other appropriate penalties or sanctions[.]"). In addition to the court's inherent authority to sanction attorneys, the Court has statutory authority under section 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a). Thus, a court may impose sanctions if a party violates a court order or rule. Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.), 570 F.3d 1257, 1273 (11th Cir. 2009).

The Supreme Court has warned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process". Chambers, 501 U.S. at 44–45 (citations omitted). Accordingly, in order to impose sanctions under the court's inherent power, the court must find bad faith. Glatter v. Mroz (In re Mroz), 65 F.3d 1567, 1575 (11th Cir. 1995); Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir.2001) ("The key to unlocking a court's inherent authority is a finding of bad faith."). "A finding of bad faith is warranted where an attorney [or party] knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Evergreen Sec., 570 F.3d at 1273-74. A consistent failure to disclose and pattern of misrepresentations may demonstrate bad faith if it rises to the level of a systemic abuse of process. In re Graffy, 233 B.R. 894, 898-99 (Bankr. M.D. Fla. 1999). A single failure to disclose, without more, generally does not constitute bad faith. In re Smith, 2012 WL 1946399, at *6 (Bankr. M.D. Ga. May 29, 2012). Such behavior

11

may violate conventions of professional courtesy and create unnecessary costs for other litigants, but ordinarily "is not sufficiently egregious as to warrant the imposition of sanctions." Id.; see also In re Virani, 577 B.R. 599, 604 (Bankr. N.D. Ga. 2017) ("This is not a case of such egregious intentionality as to warrant additional sanctions.").

The Court does not condone Mr. Jones's and Mr. Townsend's behavior. The Court expected them and the U.S. Trustee and the professionals to be more forthcoming. Nevertheless, their conduct is not tantamount to bad faith. They did not interfere with a Court order, and they did not violate a statutory duty. Mr. Jones's and Mr. Townsend's behavior was certainly not ideal. The better practice would have been to disclose the Engagement Letter and Reinstatement when the Court was considering the appointment of the Trustee and his application to retain GR, particularly since Mr. Glass's declaration said the letter had not been signed.[3] Nevertheless, Mr. Jones's and Mr. Townsend's conduct is not sufficiently egregious to warrant the imposition of sanctions pursuant to the Court's inherent authority. There is also no basis to sanction Mr. Jones and Mr. Townsend pursuant to section 105(a) as there are no allegations they violated a Court order or rule.

The Court finds insufficient grounds to issue a notice to show cause as to why sanctions should be issued against Mr. Jones and Mr. Townsend on any other basis.

IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** the request to issue an order to show cause as to why Mr. Jones and Mr. Townsend should not be sanctioned under the Georgia Rules of Professional Conduct and also declines to issue a show cause notice as to why Mr. Jones and Mr. Townsend should not be sanctioned under the Court's inherent authority and 11 U.S.C. § 105.

**END OF ORDER**

---

[3] The U.S. Trustee should have also disclosed the full extent of what it learned about the relationship to the Court.

**Distribution List**

Frank W. DeBorde
Lisa Wolgast
Morris, Manning & Martin, LLP
3343 Peachtree Rd NE, Ste 1600
Atlanta, GA 30326

Leon S. Jones
Jones & Walden, LLC
699 Piedmont Ave NE
Atlanta, GA 30308

Paul Alexander
Miller & Martin PLLC
1180 W Peachtree St NW, Ste 2100
Atlanta, GA 30309-3407

M. Denise Dotson
M. Denise Dotson, LLC
PO Box 767
Avondale Estates, GA 30002

David Weidenbaum
Office of the U.S. Trustee
75 Ted Turner Dr SW, Rm 362
Atlanta, GA 30303

John A. Moffa
Moffa & Breuer, PLLC
3081 E. Commercial Blvd, #204
Fort Lauderdale, FL 33308

Frank B. Wilensky
Macey, Wilensky & Hennings, LLP
5500 Interstate Pkwy North, Ste 435
Atlanta, GA 30328

Walter E. Jones
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd., N.W.
Suite 700
Atlanta, Georgia 30308

Henry F. Sewell
Law Offices of Henry F. Sewell Jr., LLC
Buckhead Centre
2964 Peachtree Road NW Suite 555
Atlanta, GA 30305

Chittranjan Thakkar
3985 Steve Reynolds Blvd
Suite L-101
Norcross, GA 30093

Clay M. Townsend
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, Florida 32801

M. Todd Westfall
Westfall, LLC
4995 Lower Roswell Rd.
Suite 6
Marietta, GA 30068

13